NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0505n.06

No. 24-5363

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 06, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| JAMES ODOM, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: GRIFFIN, STRANCH, and MATHIS, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant James Odom was convicted of domestic assault against his girlfriend on three separate occasions. In 2010, he struck her in the face with a closed fist. Odom hit the same woman on the head and bit her hands multiple times in 2016. And while on probation for the 2016 offense, Odom punched that woman in the face. For these offenses, Odom was thrice convicted of domestic assault causing bodily harm, a misdemeanor in the state of Tennessee. *See* Tenn. Code Ann. §§ 39-13-101(a)(1), (b)(1)(A), 39-13-111(b).

In 2021, Odom was the perpetrator in a shooting. The victim of the shooting owed Odom money, and when Odom attempted to collect the money, he and the victim got into a physical altercation. Eventually, Odom retreated to his vehicle, retrieved a handgun, and shot the victim. Officers responded to the scene, seized the handgun and ammunition, and took the statements of multiple witnesses who saw Odom get the gun from his car and shoot the victim.

Odom's previous misdemeanor domestic-violence convictions prevent him from lawfully possessing firearms and ammunition, so a federal grand jury indicted him for violating 18 U.S.C.

§ 922(g)(9). Odom moved to dismiss the indictment, arguing that § 922(g)(9) violates the Second Amendment, facially and as applied to him, in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). The district court denied the motion, and Odom pleaded guilty to the indictment.

Odom's appeal raises the same facial and as-applied challenges to § 922(g)(9). We review challenges to the constitutionality of a federal statute de novo. *United States v. Loney*, 331 F.3d 516, 524 (6th Cir. 2003). Given our intervening precedent and Odom's violent predicate convictions, both of his arguments must fail. *See United States v. Gailes*, 118 F.4th 822, 830 (6th Cir. 2024).

In *Gailes*, we held that § 922(g)(9) does not violate the Second Amendment on its face. *Id.* at 826–28. Thus, Odom's facial challenge is without merit.

His as-applied challenge fares no better. Odom contends that the government cannot justify disarming him "based on his prior domestic violence misdemeanor convictions." But Odom violently assaulted his girlfriend multiple times, meaning that he "fall[s] squarely within the category of people who pose a clear threat to the physical safety of others" and therefore may be disarmed without offending the Second Amendment. *See id.* at 830. And to the extent Odom argues that he possessed the handgun here for the lawful purpose of self-defense, *see District of Columbia v. Heller*, 554 U.S. 570, 628 (2008), it is undisputed that he carried the firearm in his vehicle *prior to* the now-alleged act of self-defense. The disarmament of Odom, a violent domestic-violence misdemeanant who failed to show that he possessed the firearm for a lawful purpose, comports with the Second Amendment. *See Gailes*, 118 F.4th at 830.

For these reasons, we affirm the district court's judgment.